48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Pedro Rafael GUADAMUZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70808.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided Feb. 23, 1995.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, INS No. Aon-tds-jxr.
 BIA
 PETITION DENIED.
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Under 8 U.S.C. Sec. 1158(a), the Attorney General has discretion to grant an alien political asylum if the alien qualifies as a "refugee." Section 1101(a)(42)(A) defines a refugee as any person outside of his native country who is unwilling to return because of "a well-founded fear of persecution on account of ... political opinion." The Ninth Circuit has held that the well-founded fear standard has a subjective component and an objective component. Guadamuz has satisfied the subjective component with credible testimony that he genuinely fears persecution. Berroteran-Melendez v. I.N.S., 955 F.2d 1251, 1256, (9th Cir.1992). To satisfy the objective component, he must show credible, direct, and specific evidence of facts that would support a reasonable fear that he faces future persecution. De Valle v. I.N.S., 901 F.2d 787, 790 (9th Cir.1990).
 
 
 3
 We deny the petition because the events described by Guadamuz do not constitute persecution. We define persecution as "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive." Desire v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). Although this country would not tolerate the Sandinista's tactics, Guadamuz has not endured suffering or harm that is offensive. He has not been beaten, molested, detained, questioned, or harmed. Medez-Efrain v. I.N.S., 813 F.2d 279, 283 (9th Cir.1987). Guadamuz was pressured to join the Sandinista union, but he has not shown that his "predicament is appreciably different from the dangers faced by all his countrymen." Aquilera-Cota v. I.N.S., 914 F.2d 1375, 1385 (9th Cir.1990) (quotation omitted). The threat of military conscription does not constitute persecution. See Alonzo v. I.N.S. 915 F.2d 546, 548 (9th Cir.1990). The loss of a bonus and "cat card" do not constitute persecution. See Saballo-Cortez v. I.N.S., 761 F.2d 1259, 1264 (9th Cir.1985).
 
 
 4
 In his brief before the BIA, Guadamuz admitted that these events do not constitute persecution. Nevertheless, he argued that it was persecution because he held strong anti-communist opinions. In other words, forced participation in political activities itself is persecution. Although we recognize some forms of non-physical persecution, Guadamuz has not met the standard:
 
 
 5
 [T]he concept of persecution is broad enough to include governmental measures that compel an individual to engage in conduct that is not physically painful or harmful but is abhorrent to that individual's deepest beliefs. An example of such conduct might be requiring a person to renounce his or her religious beliefs or to desecrate an object of religious importance. Such conduct might be regarded as a form of "torture" and thus as falling within the Board's description of persecution in [In re Acosta].
 
 
 6
 Fisher v. I.N.S., No. 91-70676, slip op. at 12163-64 (9th Cir. Oct. 5, 1994) (per curiam) (citation omitted). Guadamuz has not presented compelling evidence that his anti-communist opinions are his "deepest beliefs" or that participation in the Sandinista political activities would be a "form of torture."
 
 
 7
 The BIA gave a confused response to Guadamuz's "political persecution" argument. It stated that Guadamuz's argument fails because of the Supreme Court decision in Elias-Zacarias, 112 S.Ct. 812 (1992). In that case, however, the Supreme Court held that a petitioner must show he suffered persecution on account of the petitioner's political opinion (i.e. the persecutor must know of victim's political opinion). Thus, the BIA's analysis failed to respond to Guadamuz's contention that forced participation in political activities itself is persecution. The parties' appellate briefs primarily debated the BIA's analysis of Elias-Zacarias, rather than the BIA's ultimate conclusion that "the record [does not support] a finding that the respondent was persecuted in the past or has a well-founded fear of persecution by the Sandinista government were he to return to Nicaragua." In any event, a reasonable factfinder could find that Guadamuz was not persecuted and has not shown a well-founded fear of future persecution.
 
 
 8
 Because Guadamuz has not satisfied the well-founded fear standard for asylum, he does not qualify for withholding of deportation. Acewicz v. U.S. I.N.S., 984 F.2d 1056, 1062 (9th Cir.1993)
 
 II.
 
 9
 Guadamuz contends that the BIA took administrative notice of changed conditions in Nicaragua and that he should have been given notice and an opportunity to respond. We review a BIA's decision to take administrative notice of changed conditions for abuse of discretion. Castillo-Villagra v. I.N.S., 972 F.2d 1017, 1028 (9th Cir.1992). For example, we have held that if the BIA takes administrative notice of changes that occurred after the petitioner's asylum hearing, it is an abuse of discretion not to give notice and an opportunity to respond. Getachew v. I.N.S., 25 F.3d 841, 846 (9th Cir.1994). Guadamuz himself brought up the changed conditions in his brief before the BIA. It was not an abuse of discretion to respond to Guadamuz's arguments.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3